IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

WILLIAM BRINKER,

       Plaintiff,

       v.

KEVIN CHAMBERS,

       Defendant.

CV 09-1342-SU

FINDINGS AND
RECOMMENDATION

SULLIVAN, Magistrate Judge:

      William Brinker, a resident of North Carolina, filed a Complaint against Kevin Chambers alleging breach of an oral contract, fraud, money had and received, and quantum meruit arising from Chambers' alleged failure to repay loans in the amount of $124,000 made to Chambers by Brinker. Brinker alleged jurisdiction based on diversity. 28 U.S.C. § 1332. Chambers answered the Complaint and admitted the loans were made and the funds dispersed to him. Chambers, however,

1 - FINDINGS AND RECOMMENDATION

raised an affirmative defense based on the statute of frauds. Brinker has filed a Motion for Partial Summary Judgment seeking judgment on the debt plus prejudgment interest.

Chambers did not respond to the motion.[1] For the reasons set forth below, Brinker's Motion for Partial Summary Judgment should be granted, in part, and denied, in part.

*Factual Summary*

These facts are undisputed: Brinker and Chambers were involved in business dealings; Chambers asked Brinker to lend him $100,000 to purchase a home; Chambers requested an additional $24,000 loan from Brinker; Brinker disbursed $124,000 to Chambers in three separate wire transfers beginning on October 23, 2007. (Compl. ¶¶ 5-7, 10.)

Brinker alleges and Chambers admits the $100,000 was a short term loan for the purchase of a home. (Compl. ¶ 8-9; Pl.'s Concise Statement of Material Facts Ex. D at 2.) With regard to the additional $24,000, Chambers asserts it was used to build a "metal recovery plant" in which Brinker has an ownership interest. (Pl.'s Concise Statement of Material Facts Ex. D at 1.)    Brinker, however, alleges the entire amount ($124,000) was a home loan to be secured by the house and shares of stock in Chambers' business. (Compl. ¶¶ 10-11.) Chambers admits he has not provided the promised security for any of the money loaned. (Pl.'s Concise Statement of Material Facts Ex. D at 2.) Chambers also admits he owes Brinker $100,000, but denies he owes him the additional $24,000 or any prejudgment interest. (Pl.'s Concise Statement of Material Facts Ex. D at 2.)

---

[1] Chambers was represented by counsel through discovery and at the time the Brinker filed his summary judgment motion. Subsequently, Chambers' counsel moved to withdraw from the case. The motion was granted and Chambers is now appearing *pro se*.

*Legal Standard*

Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(a). The moving party has the initial burden of proof and must identify for the court portions of the record that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-moving party. *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the opposing party may not rely on its allegations or denials in its own pleading but must, by affidavit or otherwise, set out facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56 (c); *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995). The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

*Discussion*

As set forth above, it is undisputed the loans were made to Chambers, and he owes a $100,000 debt to Brinker. There is a factual dispute, however, regarding Chambers' liability to Brinker for the additional $24,000. While Chambers admits he received that additional amount from Brinker, he does not admit the money is owed. Rather, in response to Brinker's Requests for Admissions, Chambers asserted the $24,000 was used to build a metals recovery plant owned in part by Brinker. Conversely Brinker insists the entire amount was used by Chambers to buy a home.

3 - FINDINGS AND RECOMMENDATION

There is insufficient evidence in the record for the court to determine as a matter of law whether the additional $24,000 was used to build a facility in which Brinker has part ownership or whether that money was used to purchase a house and now owed to Brinker.

Additionally, the transactions involved in this lawsuit were essentially oral. Under Oregon law, oral promises to lend money are governed by the statute of frauds. Or. Rev. Stat. ¶ 41.580; *Walchli v. Community Bank*, No. 0909-359-AC, 2010 WL 2164874, at *9 (D. Or. March 16, 2010), *adopted in relevant part by*, 2010 WL 2105163 (D. Or. May 25, 2010). Here, the wire transfers provide the only writings between the parties regarding the loans.[2] While the $100,000 loan may come under exceptions to the Oregon statute of frauds, as Chambers has admitted to owing the money and the loan was made for the purpose of purchasing a home, the same is not true for the $24,000 loan. *See* Or. Rev. Stat. ¶ 41.580(1)(h)(B) and (2)(b). As such, the court must rely on the parties' statements to determine the terms of the transactions, including repayment, security for the loans, and purpose of the loans. The evidence submitted by Brinker supports *only* his factual allegation that the $24,000 was disbursed to Chambers and not repaid. While it is true Chambers has not submitted any affidavit or other response to Brinker's partial summary judgment motion, nevertheless, the evidence must be viewed in the light most favorable to the non-moving party. Consequently, the court concludes Brinker has not carried his burden regarding the $24,000 debt owed and factual issues exist regarding Chambers' liability for the $24,000 loan. *See Alair Aviation Services, Inc. v. Campbell*, 58 Or. App. 409, 415, 648 P.2d 1339 (1982) (terms of an oral agreement were "peculiarly ill-adapted to evaluation through summary judgment procedures" and should be left to trier of fact); *Oltmanns v. Lewis*, 135 Or. App. 35, 39, 898 P.2d 772 (1995) (accord).

---

[2] The documents regarding the wire transfers were not submitted to the court.

4 - FINDINGS AND RECOMMENDATION

The $100,000 admittedly owed by Chambers was wired to him on October 23, 2007. Brinker's Complaint also seeks prejudgment interest on this amount due. Under Oregon law, if properly pled, a claimant is entitled to prejudgment interest from the time the amount owed is ascertained or is ascertainable and becomes due. Or. Rev. Stat. ¶ 82.010; *Interstate Fire & Casualty Co. v. Underwriter's at Lloyd's London*, 139 F.3d 1234, 1239-40 (9th Cir. 1998). Brinker claims prejudgment interest, at 9% per annum, is due on the debt owed by Chambers beginning 90 days after October 23, 2007. The record reveals, however, that while Chambers admits the loan was a short term loan, he denies it was due in 90 days. Thus, a question of fact remains regarding the date the $100,000 was due and the prejudgment interest began to accrue.

*Conclusion*

Based on the foregoing, Brinker's Motion for Partial Summary Judgment (doc. # 11) should be GRANTED, in part, and DENIED, in part.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **March 17, 2011**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 2nd day of March, 2011.

                                              /s/ Patricia Sullivan
                                              PATRICIA SULLIVAN
                                              UNITED STATES MAGISTRATE JUDGE