FILED'11 APR 08 15:45usdc-orp

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM BRINKER, | CV 09-1342-SU |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KEVIN CHAMBERS, | |
| Defendant. | |

REDDEN, Judge:

On March 2, 2011, Magistrate Judge Sullivan issued her Findings and Recommendation ("F&R") (doc. 23) that the court grant Plaintiff William Brinker's Motion for Partial Summary Judgment with respect to the $100,000 debt Defendant Kevin Chambers admits owing Brinker. Magistrate Judge Sullivan recommended, however, that the court deny Brinker's motion for prejudgment interest on that debt because Brinker failed to demonstrate that Chambers agreed to repay the loan within 90 days. Magistrate Judge Sullivan also recommended that the court deny Brinker's motion for summary judgment as to the additional $24,000 Chambers received from

PAGE 1 - OPINION AND ORDER

Brinker. Magistrate Judge Sullivan found that Brinker failed to demonstrate that Chambers agreed to repay the $24,000, and there were factual issues as to whether that money was part of a joint business venture.

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) and 54(d)(2)(D). The district court is not bound by the recommendations of the magistrate judge, and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). When a party timely objects to any portion of the magistrate's order concerning a dispositive matter, the district court must conduct de novo review of those portions of the order. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The district court is not required to review, under a de novo standard or any other standard, the magistrate judge's factual and legal conclusions to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Brinker timely filed objections. He argues Magistrate Judge Sullivan erred in denying his motion for summary judgment as to the additional $24,000 Chambers admitted receiving from Brinker and not repaying. He also objects to Magistrate Judge Sullivan's denial of an award of prejudgment interest. I have, therefore, reviewed those portions of the F&R de novo. I agree with Magistrate Judge Sullivan's analysis and conclusions.

Brinker is not entitled to summary judgment as to the $24,000 because he failed to carry his initial burden of demonstrating the absence of a genuine issue of material fact regarding

PAGE 2 - OPINION AND ORDER

Chambers' liability for that debt. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). While Brinker <u>alleges</u> that the additional $24,000 was part of a home loan to be secured by the house and shares in Chambers' business, he failed to identify any evidence in the record to support that contention. As Magistrate Judge Sullivan noted, the evidence submitted by Brinker shows only that he disbursed $24,000 to Chambers and that Chambers has not repaid the money. There is no evidence in the record to support Brinker's allegation that Chambers promised (or, is obligated) to repay that $24,000. In fact, the only evidence in the record is that Brinker provided the additional $24,000 for the purpose of investing in a joint venture to build a metal recovery plant, in which Brinker is a part owner. Viewing the evidence in the light most favorable to the non-moving party, I find that Brinker has not carried his burden of demonstrating the absence of a genuine issue of material fact regarding Chambers' liability for the $24,000. Accordingly, Brinker is not entitled to summary judgment with respect to that money.

Brinker similarly failed to meet his burden of demonstrating the absence of a material issue of fact as to the date on which repayment of the $100,000 home loan was due, and when prejudgment interest began to accrue. Contrary to his assertions, Brinker presented absolutely no evidence that he "expected repayment within 90 days." Pl.'s Objection, at 4. Brinker's citations to Chambers' Answer, responses to interrogatories, and admissions demonstrate only that the $100,000 loan was a short-term loan, not that it was due within 90-days. Because Brinker failed to identify any evidence to demonstrate that he expected the $100,000 loan to be repaid within 90 days, he is not entitled to summary judgment on his claim for prejudgment interest.

Having conducted a <u>de novo</u> review of the portions of the F&R to which Brinker objects, I find no error. Accordingly, I ADOPT Magistrate Judge Sullivan's F&R (doc. 23) as my own

opinion. I GRANT the Motion for Partial Summary Judgment (doc. 11) as to the $100,000 Chambers admittedly owes Brinker, but DENY the motion as to the additional $24,000 and Brinker's claim for prejudgment interest.

IT IS SO ORDERED.

DATED this 8 day of April, 2011.

James A. Redden
United States District Judge

PAGE 4 - OPINION AND ORDER